King, J.
Robert G. Haight commenced an action to recover a small sum of about $40, before a justice of the peace, on the 2d day of October, 1895, Such proceedings were had before the justice, that a trial ensued on November 11th, 1895, resulting in a verdict for the defendant, from which the plaintiff appealed to the court of common pleas, and filed his transcript xn that court on the 5th day of December, 1895, as appears by the file mark upon the back of the transcript. On the 10th day of December, 1896, the plaintiff below filed his petition in the court of common pleas, alleging in the petition, that the action came into the court by an appeal from the docket of the justice, naming him. On *549 the 1st day of March, 1897, the following entry was made upon the journal of the court, and is the only entry that there appears:
“At the term of court beginning on the 4th day of January, 1897, and on the 1st day of March, being the forty-eighth day of said term, as appears by its journal of that day, were the following, viz:
“Robert G. Haight v. John Parker. 38,806.
“Nowcomes the plaintiff,by his attorney,and the defendant being in default for answer and demurrer, the court find that the allegations of the petition are confessed by him to be true, and find that the defendant, John Parker, is indebted to the plaintiff, in the sum of $53.48. It is therefore considered by the court, that the said plaintiff have, and recover from the said defendant, the said sum of $53.48 and his costs herein expended, taxed at $ — . ”
To that a petition in error is filed in this court, asking the circuit court to reverse that judgment.
No motion for a new trial or proceedings to open up the judgment were taken in the court of common pleas. It is claimed that the court of common pleas had no jurisdiction to render a judgment; that the case was not only in default as to the defendant, but was in default as to the plaintiff, and the plaintiff could not file a petition at the time he did. The statute fixes the rule days for pleadings in appeal cases as well as in other cases, and provides as to an appeal case, that the petition shall be filed on or before the third Saturday after the expiration of the thirty days from the rendition of judgment before the justice of the peace,and the answer on or before the fifth Saturday. However that may be, sec. 5098 provides, that “the court, or a judge thereof in vacation, may, for good cause shown, extend the time for filing any pleading, upon such terms asare just.” But in this case, no application was made to the court to extend the time, but the case remained upon the docket of the *550 court. The appeal has been perfected, and the court had acquired jurisdiction of the parties. Either party had a right to appear in court and file his pleading. The defendant might either move to dismiss the appeal, or file bis answer, asking for a judgment upon the answer, for failure of the plaintiff to file his petition. But we think the power which rests in the court, given by the statute granting it the power to extend the time for filing any pleading, or to give leave at any time to file a pleading, is a power given to the court which may be exercised at any time and in any manner it pleases, unless objection be made at the time or subsequently, and exception taken to that order • or rule. The court having power to grant leave to file a petition out of rule, it has power to take up and consider it when it is filed out of rule, without making any order on that subject, and when it shall have done so, to render judgment; and that judgment will be conclusive, unless some method is taken in the court to set it aside. The statutes are ample on that subject, and we think that method should have been pursued by the defendant below. Sec. 5309 and chap. 6, commencing with sec. 5354, confer an ample and complete remedy to the defendant, if he had good cause, to have had this judgment set aside, and an opportunity to answer to this petition; and we think, from a reading of the statutes, that he still has that remedy — that it is not too late to exercise it.
P. H. Dowling, for Plaintiff in Error.
Karl A. Fliolcinger, for Defendant in Error.
This judgment will therefore be affirmed, at the costs of the plaintiff in error.